PS 8
(12/04)

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

U.S.A. vs. **Mario Renteria, Jr.**                                    Docket No. **3:22-mj-6006-DEA**

**Petition for Action on Conditions of Pretrial Release**

COMES NOW NICHOLAS ZOTTI, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant **Mario Renteria, Jr.**, who was placed under pretrial release supervision by **UNITED STATES MAGISTRATE JUDGE DANIEL J. ALBREGTS** sitting in the United States District Court in **Las Vegas, Nevada**, on **January 13, 2022**. The defendant appeared before **YOUR HONOR** for an initial appearance in the District of New Jersey on **January 19, 2022**. Your Honor ordered continued release under the conditions set by the District of Nevada. The defendant's release conditions are as follows:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.
3. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Clark County, NV.
4. The defendant may travel to the District of New Jersey for court purposes only.
5. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services, or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
8. Except as authorized by court order, the defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes).
9. The defendant shall refrain from any use of alcohol.
10. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
11. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
12. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances, alcohol.
13. The defendant shall participate in a program of inpatient or outpatient substance use therapy

and counseling if Pretrial Services or the supervising officer considers it advisable.
14. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
15. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
16. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
17. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
18. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
19. Curfew: The defendant is restricted to his/her residence every day to/from a time schedule deemed appropriate by Pretrial Services or the supervising officer.
20. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology: Radio Frequency (RF) monitoring.
21. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
22. The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
23. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
24. Comply with medical, public health, and official mandates regarding COVID-19 or variants thereof.

Respectfully presenting petition for action of Court and for cause as follows:

**[SEE ATTACHED ADDENDUM]**

PRAYING THAT THE COURT WILL ORDER **a bail review hearing be scheduled.**

Ordered bail review hearing set for 9/20/2022 at 11:30am via Zoom.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this __16th__ day of __September__, __2022__ and ordered filed and made a part of the records in the above case. | Executed on __September 15, 2022__ |
| _____<br>Honorable Douglas E. Arpert<br>U.S. Magistrate Judge | *Nicholas Zotti*<br>NICHOLAS ZOTTI<br>U.S. Pretrial Services Officer |